STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: I.W., G.D., and J.D.

**Nos. 16-0077 and 16-0104** (Doddridge County 13-JA-24, 13-JA-25, and 15-JA-15)

## MEMORANDUM DECISION

In these consolidated cases, petitioner Mother L.D., by counsel Robin S. Bonovitch, appeals the Circuit Court of Doddridge County's December 30, 2015, and February 18, 2016, orders terminating her parental and custodial rights to eight-year-old G.D., three-year-old I.W., and one-year-old J.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans and Lee Niezgoda, filed its response in support of the circuit court's order. The guardians ad litem ("guardians"), B. Scott Wolfe on behalf of G.D. and Dreama D. Sinkkanen on behalf of I.W. and J.D., filed a joint response also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a dispositional improvement period and in terminating her parental and custodial rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR filed an abuse and neglect petition against petitioner related to I.W. (who was then three months old) and G.D. (who was then five years old). In that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). We also note that petitioner filed two related appeals in this matter because the circuit court entered two dispositional orders related to the termination of those her children. As these appeals stemmed from the same proceedings and involved the same parties and issues, this Court consolidated them by order entered on March 18, 2016.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

petition, the DHHR alleged that petitioner and her boyfriend, C.W., abused controlled substances and engaged in domestic violence resulting in the abuse and neglect of her children. The DHHR further claimed that petitioner was a respondent in a prior abuse and neglect case in 2011 in Marion County, West Virginia, due to criminal child abuse that resulted in the removal of an older child. The DHHR stated that petitioner was granted an improvement period in the 2011 case, but that improvement period was revoked due to her non-compliance.

In October of 2013, petitioner stipulated to the allegations in the September of 2013 petition. Therefore, she was adjudicated an abusing parent. Thereafter, petitioner was granted a post-adjudicatory improvement period, which was later extended.

In December of 2014, due to petitioner's compliance with her improvement period, I.W. was returned to petitioner's custody on a trial basis.[3] A condition of that reunification was that petitioner and I.W. have no contact with petitioner's ex-boyfriend, C.W.

In February of 2015, the DHHR filed an amended petition against petitioner. In the amended petition, the DHHR claimed that petitioner and C.W. were arrested on drug charges in early 2015. The DHHR also alleged that petitioner allowed C.W. to have contact with I.W. in violation of the circuit court's December of 2014 order. I.W. was removed from petitioner's custody. In April of 2015, the DHHR filed a second amended petition in which it alleged that petitioner sold Subutex, Xanax, and a drug referred to as "bath salts" in December of 2014 and/or January of 2015 to a confidential police informant in the presence of I.W.

In May of 2015, the circuit court held an adjudicatory hearing on the amended petitions. Following evidence and argument, the circuit court found that petitioner continued to abuse controlled substances and again committed child abuse and neglect. On the same day as this adjudicatory hearing, the DHHR filed a third amended petition to include petitioner's newborn child, J.D., in the proceedings and to allow the DHHR to take immediate custody of J.D. According to the DHHR, petitioner received no prenatal care for J.D. during her pregnancy, and J.D. would be in imminent danger if left with petitioner.

In September of 2015, petitioner moved for a dispositional improvement period. In that motion, petitioner admitted a "lapse" in her behavior and failure to comply with the DHHR's services and directives. However, petitioner claimed she could comply with additional services. She cited her recognition of her relapse as a change in circumstances warranting another improvement period.

Between September of 2015 and January of 2016, the circuit court held three dispositional hearings. In those hearings, the circuit court heard evidence of petitioner's behavior during these proceedings. At the conclusion of those hearings, the circuit court denied petitioner's motion for a dispositional improvement period and terminated her parental and custodial rights to all three children. Due to the timing of the dispositional hearings, the circuit court entered an order terminating petitioner's parental and custodial rights to I.W. and G.D. on

---

[3]It is unclear from the record on appeal why G.D. was not also returned to petitioner's care at this time.

December 30, 2015, and a separate order terminating her parental and custodial rights to J.D. on February 18, 2016. These appeals followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law provides that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in denying her a dispositional improvement period. Pursuant to West Virginia Code § 49-4-610(3)(A) and (B), a circuit court may grant a dispositional improvement period when a parent files a written motion and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Further, West Virginia Code § 49-4-610(3)(D) provides that when a parent had an initial improvement period and later seeks a dispositional improvement period, the parent must "demonstrate[] that since the initial improvement period, [the parent] has experienced a substantial change in circumstances . . . [and] that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

In this case, petitioner failed to successfully complete several improvement periods and extensions thereof in two abuse and neglect proceedings from 2011 to 2015. In the 2011 abuse and neglect proceeding, petitioner's improvement period was revoked for non-compliance. In the instant proceeding, petitioner was arrested for selling drugs to a confidential police informant in the presence of the child recently returned to her custody on a trial basis. Petitioner also blatantly violated the circuit court's directive to avoid contact with her ex-boyfriend, C.W. Clearly, petitioner failed to demonstrate that she was likely to fully participate in a dispositional improvement period, and she also failed to demonstrate a change in circumstances such that

3

another improvement period would be necessary. Petitioner was given ample opportunity to improve her parenting, but she simply failed to do so at her children's expense. For those reasons, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in terminating her parental and custodial rights to the children. Under the provisions of West Virginia Code § 49-4-604(b)(6), a circuit court must terminate a parent's rights to children when it finds that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(1) and (3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> (1) [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning;
>
> . . . .
>
> (3) [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Here, petitioner stipulated to the allegations of her drug use in the 2013 abuse and neglect petition. In 2015, while this matter was pending, petitioner continued to use and/or sell drugs, as evidenced by her arrest. Given petitioner's drug involvement throughout the underlying proceedings and her many failures to comply with the directives of the circuit court and the terms of her improvement periods, we find sufficient evidence in the record to support the circuit court's findings. There was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future and the children deserve permanency after years of legal proceedings to determine their custody. As such, we find no error in the circuit court's termination orders.

For the foregoing reasons, we find no error in the circuit court's December 30, 2015, and February 18, 2016, orders, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 21, 2016

4

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II